IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT ROSALES, JR., as Personal
Representative of the Estate of
ROBERT ROSALES III, deceased,

        Plaintiff,

v.                                        Civ. No. 02-1529 JP/RLP - ACE

WAL-MART STORES, INC.,
and UNKNOWN PERSONS 1-100,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On July 23, 2003 Defendant Wal-Mart Stores, Inc. filed a Motion for Summary Judgment on Plaintiff's Wrongful Death Claim and Supporting Memorandum (Doc. No. 27), arguing that no genuine issue of material fact exists regarding the causal connection between Plaintiff's fall inside a Wal-Mart store and Plaintiff's death from a cocaine overdose four years later. Plaintiff did not file a response to Wal-Mart's Motion. Having considered the factual allegations raised in Plaintiff's First Amended Complaint For Damages For Personal Injuries Based on Failure to Use Ordinary Care To Keep Business Premises Safe for Visitors and for Damages Based on Wrongful Death (Doc. No. 1) and the evidence presented in support of Defendant's Motion, the Court concludes that Defendant's Motion for Summary Judgment on Plaintiff's Wrongful Death Claim should be granted.

*B*ACKGROUND

According to Plaintiff's First Amended Complaint, on May 14, 1998 Robert Rosales III was shopping with his mother at a Wal-Mart store in Gallup, New Mexico. Inside the store, Robert Rosales' mother asked him to fetch some shampoo. Unknown to Robert Rosales, there was a slippery substance on the floor of the aisle he walked through to retrieve the shampoo. When Robert Rosales walked on this substance he slipped and fell, hitting his head on the floor. Plaintiff alleges that Robert Rosales suffered a brain injury as a result of the fall, which ultimately led to his death on August 10, 2002.

*L*EGAL *S*TANDARD

A party is entitled to summary judgment as a matter of law if it can "show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).

> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.

*Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

A non-movant cannot defeat a summary judgment motion with "[u]nsupported conclusory allegations" in a brief or in a complaint. *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir.2000). Speculation without specific evidence is simply insufficient to overcome a summary judgment motion. *Peterson v. Shanks*, 149 F.3d 1140, 1144-45 (10th Cir.1998).

2

*ANALYSIS*

On August 10, 2002 Robert Rosales died from an overdose of cocaine. Plaintiff readily admits that an overdose of cocaine caused Robert Rosales' death (Doc. No. 13 at 3). Plaintiff's legal theory is that Robert Rosales' use of cocaine was directly related to a head injury Robert Rosales allegedly suffered as a result of his slip and fall in Wal-Mart. According to Plaintiff, the causal link between Robert Rosales' head injury and Robert Rosales' cocaine use makes Wal-Mart liable for his death.

Defendant presented the deposition testimony of Don F. Seelinger, M.D., a neurologist, who had examined the decedent in June 2001, and who testified that he is not aware of any causal link between any injury Robert Rosales may have incurred in his fall in Wal-Mart and his cocaine use or overdose four years later. Doc. No. 27, Ex. J. Defendant bolster's Don Seelinger's testimony with a letter from its expert neurologist, Mark L. Berger, M.D., that, although not in affidavit form and therefore not admissible under Rule 56(e), states that Robert Rosales' "overdose on August 10, 2002 is unrelated to his head trauma of May 14, 1998." Doc. No. 27, Ex. I. In addition, Defendant presented anecdotal evidence that Robert Rosales' drug use predated the May 14, 1998 accident.

Plaintiff has not responded with any evidence of a causal relationship between Robert Rosales' slip and fall and his cocaine use or overdose four years later. The absence of specific, admissible evidence that Robert Rosales' death can be attributed to his fall in Wal-Mart makes it impossible for Plaintiff to defeat Defendant's Motion for Summary Judgment. Under Rule 56, Plaintiff's speculative allegations and arguments in pleadings are insufficient to overcome a summary judgment motion that is supported by admissible evidence. *Peterson v. Shanks*, 149 F.3d

3

1140, 1144-45 (10th Cir.1998).  In the absence of any medical evidence that Robert Rosales' death was caused by the Wal-Mart incident, Defendant is entitled to summary judgment on all of Plaintiff's claims.

In addition to ruling on the merits of Defendant's Motion for Summary Judgment, the Court notes that under D.N.M.LR-Civ. 7.1(b) Plaintiff's failure to "file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  By operation of this rule Plaintiff's failure to file a responsive pleading to Defendant's Motion is deemed consent to grant Defendant's Motion.

Finally, granting Defendant's Motion for Summary Judgment is an appropriate sanction under *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).  The Court makes the following findings in accordance with *Meade*:

1. Defendant has been prejudiced by Plaintiff's failure to respond to its Motion for Summary Judgment because Defendant incurred the expense of the filing of the motion and supporting brief;

2. Plaintiff has interfered with the judicial process by not filing a response in opposition to Defendant's Motion for Summary Judgment within the time permitted by the rules of this Court, and failing to file a response at any time to date; and

3. Plaintiff has provided no explanation, whatsoever, for his failure to file any response to Defendant's Motion for Summary Judgment, which was filed approximately four weeks ago.

These aggravating factors outweigh the normal predisposition to resolve claims after they have been fully briefed and they justify dismissing with prejudice Plaintiff's claims against Defendant as an appropriate sanction.

In conclusion, Defendant's Motion for Summary Judgment should be granted on its merits, on the deemed consent of the Plaintiff, and as a sanction for the Plaintiff's failure to prosecute his claims against the Defendant.

Plaintiff has never identified or served any of the Unknown Persons 1-100 named in the caption of Plaintiff's First Amended Complaint.  Since Plaintiff has failed to prosecute Defendants Unknown Persons 1-100 their dismissal also is an appropriate sanction under *Meade*.  The Court makes the following findings in accordance with *Meade*:

1. Defendants Unknown Persons 1-100 have been prejudiced by Plaintiff's inability to identify or serve a summons or complaint;

2. Plaintiff has interfered with the judicial process by not identifying or serving Defendants Unknown Persons 1-100;

3. Plaintiff has provided no explanation, whatsoever, for his failure to identify or serve Defendants Unknown Persons 1-100.

These aggravating factors outweigh the normal predisposition to resolve claims on their merits and they justify dismissing without prejudice Plaintiff's claims against Defendants Unknown Persons 1-100 as an appropriate sanction.

IT IS THEREFORE ORDERED that:

(1) Defendant's Motion for Summary Judgment on Plaintiff's Wrongful Death Claim and Supporting Memorandum (Doc. No. 27) is GRANTED; and

(2) All of Plaintiff's claims against Defendant Wal-Mart Stores, Inc. will be dismissed with prejudice; and

(3) All of Plaintiff's claims against Defendants Unknown Persons 1-100 will be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE